HEMSTREET v. ROBERT GAGE COAL CO.

1. WORKMEN'S COMPENSATION—LOSS OF HAND—JURISDICTION OF DE-
PARTMENT.

After payment in full of statutory sum of workmen's compen-
sation for loss of hand, the department of labor and industry
was without jurisdiction to enter a second award for the same
injury (2 Comp. Laws 1929, § 8426).

2. SAME—HAND INJURY—JURISDICTION OF DEPARTMENT—WITHHOLD-
HOLDING OF WAGES—MEASURE OF IMPAIRMENT.

After injury to or loss of hand and payment of workmen's com-
pensation in full of statutory amount for specific loss, the
question of whether or not the withholding of a like sum from
wages paid plaintiff upon his return to work as a measure of
the impairment of his ability to render services was lawful
was an issue of which the department of labor and industry
had no jurisdiction (2 Comp. Laws 1929, § 8426).

3. SAME—QUESTIONS REVIEWABLE—RES JUDICATA—WITHHOLDING OF
WAGES.

Where an employee receives workmen's compensation for loss of
a hand, the determination by the Supreme Court that he is not
entitled to further compensation does not adjudicate the legal-
ity of the employer's withholding of a like sum from wages
of the employee who had returned to work (2 Comp. Laws
1929, § 8426).

Appeal from Department of Labor and Industry.
Submitted April 13, 1944. (Docket No. 76, Calendar
No. 42,566.)  Decided May 17, 1944.

Proceedings under workmen's compensation act
by Homer Hemstreet against Robert Gage Coal
Company, Monitor Sugar Company Division.  On

petition for further compensation.  Award to plaintiff.  Defendant appeals.  Reversed and remanded.

*Robert H. Johnson,* for plaintiff.

*Hubert J. Gaffney,* for defendant.

NORTH, C. J.  This is an appeal from an award of compensation to plaintiff.  In October, 1938, plaintiff, while in defendant's employ, suffered a compensable accident, the loss of or injury to his right hand.  Plaintiff and defendant entered into an agreement providing for the payment of compensation at the rate of $18 per week for 150 weeks.  The agreement was approved by the department of labor and industry.  This was the statutory compensation for the specific loss of a hand.  2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160).  A check drawn on a local bank in the proper amount was delivered by defendant to plaintiff each week for 150 weeks.  These checks were indorsed by plaintiff and cashed.  Incident to the delivery to him of each check plaintiff signed the required "Receipt on account of compensation."  These receipts were duly filed with the department of labor and industry.  The last of the 150 checks was delivered to plaintiff September 5, 1941.

On September 10, 1941, plaintiff filed the instant "Petition for further compensation," but which the department "treated as a petition for review of payments."  Plaintiff makes no claim that his condition has become worse since the 1938 award was made.  Instead the present proceeding arises from the following facts disclosed by the record.

Seventeen or eighteen days after his injury plaintiff returned to his former employment with defendant.  He was engaged in the same type of work,

*i. e.,* a millwright; and he was still in such employment at the time this proceeding was heard by the department. At the time of his injury plaintiff was paid at the rate of $137.50 per month, his wages being paid semimonthly. Upon returning to his employment subsequent to his injury his pay envelope purported to show that he was being paid the same wages, but in addition to small deductions for Federal old age benefit and for insurance, defendant also deducted an item specified as: ''Advanced Comp. $36,'' this being the amount of two of plaintiff's weekly compensation payments. After the above deductions were made, the amount of plaintiff's semimonthly pay was $31.46.

At the conclusion of plaintiff's proof before the deputy commissioner he determined that the record conclusively disclosed payment in full of the award to plaintiff and that under the circumstances the department did not have jurisdiction to grant plaintiff any relief. In consequence of such determination of the controversy, no witnesses were produced in support of defendant's contention which, as set forth in the pleadings, is that plaintiff's injury greatly impaired his capacity to render services and defendant voluntarily agreed with plaintiff that the latter might continue in its service and his wages were paid at the same figure as prior to his accident but with the deduction of the amount of compensation paid as a measure of the impairment of plaintiff's ability to render services.

Following the dismissal of plaintiff's petition by the deputy commissioner there was review by the department of labor and industry. This resulted in a new award of compensation to plaintiff in 1943 at the rate of $18 per week for 150 weeks. This appeal followed.

The conclusion reached by the deputy commissioner must be sustained. The undisputed and conclusive testimony discloses that plaintiff's 1938 award has been paid in full. Under the record in this case, it follows as a matter of law that the department of labor and industry was without jurisdiction to enter a second award in 1943 for the same injury. Whether or not defendant unlawfully withheld payment of a portion of plaintiff's earned wages was an issue of which the department of labor and industry had no jurisdiction, and that issue is not before us on this appeal, nor is our determination herein *res judicata* thereof.

Plaintiff's petition for further compensation or for review of payments is dismissed, with costs to appellant. The case is remanded to the department for further proceedings in accord herewith.

STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred. SHARPE, J., did not sit.